FILED'11 MAY 17 12:03USDC·ORN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

VICENTE ZAVALA,

                                          Civil No. 10-245-PA

        Petitioner,

   v.

DON MILLS,

                                OPINION AND ORDER

        Respondent.

Harold Ducloux, III
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions and sentences for Robbery in the First Degree and Assault in the First Degree.   For the reasons that follow, the Petition for Writ of Habeas Corpus [2] is denied.

## BACKGROUND

On August 13, 2003, the Yamhill County Grand Jury indicted petitioner on charges of Attempted Murder, two counts of Robbery in the First Degree, Robbery in the Second Degree, Kidnapping in the First Degree, Kidnapping in the Second Degree, Assault in the First Degree, Assault in the Second Degree, and Theft in the Second Degree.   Respondent's Exhibit 102.   Petitioner elected to plead guilty to one count of Robbery in the First Degree and one count of Assault in the First Degree and, in exchange, the State dropped the remaining charges. Respondent's Exhibit 103.  On January 22, 2004, the trial court sentenced petitioner to consecutive 90-month sentences.   Respondent's Exhibit 104, pp. 55-59.

Petitioner took a direct appeal where he raised a single claim of trial court error which he acknowledged was unpreserved. Respondent's Exhibit 105, p. 3.    The Oregon Court of Appeals affirmed the trial court's decision without a written opinion and the Oregon Supreme Court denied review.  Respondent's Exhibits 108, 109.

2 - OPINION AND ORDER

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on the Petition. Respondent's Exhibits 117, 118. The Oregon Court of Appeals affirmed the lower court's decision without opinion. Respondent's Exhibit 121. Petitioner's attorney did not file a petition for review in the Oregon Supreme Court.

Petitioner filed his federal Petition for Writ of Habeas Corpus on March 8, 2010 raising three grounds for relief:

> 1.  The trial court imposed illegal consecutive sentences in violation of the 14th Amendment when it based the consecutive sentences on facts not proven beyond a reasonable doubt to a jury;
>
> 2.  Trial counsel provided ineffective assistance in violation of the Sixth Amendment when he failed to object to the illegal sentences and failed to adequately prepare for trial; and
>
> 3.  Petitioner did not enter his guilty plea knowingly and voluntarily as required by the Fourteenth Amendment.

Petition for Writ of Habeas Corpus (#2).

Respondent asks the court to deny relief on the Petition because none of petitioner's claims were fairly presented to Oregon's Supreme Court, and the claims are now procedurally defaulted.

///

///

///

3 - OPINION AND ORDER

## DISCUSSION

### I.   Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

4 - OPINION AND ORDER

unless the petitioner shows "cause and prejudice" for the failure
to present the constitutional issue to the state court, or makes a
colorable showing of actual innocence.  *Gray v. Netherland*, 518
U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992);
*Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II.  **Analysis**

On direct review, petitioner alleged that the trial court
erroneously imposed consecutive sentences in his case based upon
facts which were found by the court, not by a jury.  As noted in
the Background of this Opinion, petitioner conceded to the Oregon
Court of Appeals that this claim was unpreserved for appellate
review, and he does not argue otherwise here.  As petitioner failed
to raise this claim to the Oregon Court of Appeals in the
appropriate procedural context, petitioner failed to fairly present
it.  Because the time for fairly presenting the claim passed long
ago, it is procedurally defaulted.  Even if petitioner had fairly
presented this claim to Oregon's state courts, he would not be
entitled to habeas corpus relief because it is clearly without
merit in light of the Supreme Court's decision in *Oregon v. Ice*,
129 S.Ct. 711, 719 (2009).

During petitioner's PCR appeal, he presented two issues to the
Oregon Court of Appeals: (1) whether the trial court improperly
imposed consecutive sentences in violation of *Apprendi v. New
Jersey*, 530 U.S. 466 (2000); and (2) whether trial counsel was

ineffective for failing to object to the imposition of consecutive sentences under *Apprendi*. Respondent's Exhibit 119. Thus, petitioner did not raise the portion of his Ground Two habeas corpus claim where he alleges that counsel failed to prepare for trial, nor did he raise his Ground Three habeas corpus claim that his guilty plea was not knowing and voluntary. As a result, only his claims of trial court error and ineffective assistance of counsel pertaining to the allegedly erroneous sentence were preserved for further review in Oregon's Supreme Court. *See* O.R.A.P. 9.20(2)(questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court).

Petitioner's PCR attorney wrote him a letter on February 4, 2009 containing the following:

> In your post-conviction brief, we raised two issues: 1) that the court's imposition of consecutive sentences was unlawful under *State v. Ice* . . . and 2) that your trial attorney was incompetent for failing to raise an[] *Ice* claim. These argument[s] were rejected by the Court of Appeals on December 31, 2008. On January 5, 2009, I wrote you and told you that I would file a petition for review by today, February 4, 2009. Unfortunately, the United States Supreme Court reversed *Ice* on January 14, 2009. . . . In other words, the basis of our claim has been definitively rejected by the highest court in the land. There is no issue to advance to the Oregon Supreme Court. As such, I will not be filing a petition for review on your behalf today. I am sorry that I cannot be of further assistance to you.

Petitioner's Exhibit 2.

6 - OPINION AND ORDER

In response, petitioner wrote to counsel asking him to file a petition for review so he would not procedurally default these claims, Petitioner's Exhibit 3, but counsel apparently did not do so. As a result, petitioner procedurally defaulted his *Ice* claims. While petitioner claims he did all he could to fairly present his claims to Oregon's state courts, the conduct of his attorney does not arise to the level of cause to excuse petitioner's default because cause to excuse a procedural default predicated on attorney error can only be shown where there is a constitutional violation, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), and petitioner had no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987).

In addition, although petitioner asserts that counsel abandoned his case in the wake of the U.S. Supreme Court's *Ice* decision, any such abandonment of petitioner's case by counsel does not begin to approach that in *Holland v. Florida*, 130 S.Ct. 2549 (2010), where the petitioner's attorney failed to communicate with him over a period of years, failed to properly research his case, and where state action prevented petitioner from filing any documents in the state court. *Id* at 2555-59. By contrast, petitioner's attorney in this case declined to file a brief on petitioner's behalf after the case law definitively showed that the claims raised would not entitle him to relief. This is

7 - OPINION AND ORDER

insufficient to arise to the level of cause and prejudice to excuse petitioner's procedural default.[1]

Even if petitioner's PCR attorney had filed a petition for review with the Oregon Supreme Court so as to fairly present the claims which were properly before the Oregon Court of Appeals, petitioner would nevertheless not be entitled to habeas corpus relief due to the U.S. Supreme Court's decision in *Ice* where it held that the Sixth Amendment does not prohibit judges from finding the facts necessary to impose consecutive sentences. Accordingly, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus [2] is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __/7__ day of May, 2011.

Owen M. Panner
United States District Judge

---

[1]    It is also noteworthy that *Holland* involved equitable tolling of the Anti-terrorism and Effective Death Penalty Act's one-year statute of limitations, an area of the law where federalism concerns, while certainly present, are less significant than those pertaining to fair presentation.

8 - OPINION AND ORDER